IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NEONZA DAWSON,                          :
                                        :
              Plaintiff,                :
                                        :
       v.                               :     Civil Action No. 19-1355-CFC
                                        :
ANGELINA SMITH, et al.,                 :
                                        :
              Defendants.               :

---

Neonza Dawson, Wilmington, Delaware; Pro Se Plaintiff.

Allison Jean McCowan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Angelina Smith, Keith Taylor, Porter Service Center, Tara Lattomus, Islanda Finamore, and Delaware Division of Family Services.

Mark L. Reardon, Esquire, and Matthew P. Donelson, Esquire, Eckert Seamans Cherin & Mellott, LLC, Wilmington, Delaware. Counsel for Defendants Nykeisha Sewell and Pressley Ridge.

**<u>MEMORANDUM OPINION</u>**

January 3, 2020
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

Plaintiff Neonza Dawson ("Plaintiff") alleges in this action violations of her rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.[1] She proceeds *pro se* and has paid the filing fee. Plaintiff has filed a motion for leave to amend, motions for default judgment, and a motion for summary judgment. (D.I. 11, 18, 28, 30) State Defendants Angelina Smith ("Smith"), Keith Taylor ("Taylor"), Porter Service Center ("Porter Center"),[2] Tara Lattomus ("Lattomus"), Islanda Finamore ("Finamore"),[3] and the Delaware Division of Family Services ("DFS") (collectively "State Defendants") move for dismissal. (D.I. 24) Defendants Pressley Ridge ("Pressley Ridge") and Nykeisha Sewell ("Sewell")[4] (together "Pressley Ridge Defendants") also move for dismissal.[5] (D.I. 36).

---

[1] The Court liberally construes the Complaint as raising claims under 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Plaintiff sued Defendant #6, Porter Service Center in "c/o Marcus Bell." The allegations in the body of the Complaint refer to Defendant #6 as Marcus Bell. Bell, however, is not a named defendant and Plaintiff never sought issuance of summons for his service. (*See* D.I. 1 at 4, 11)

[3] Misspelled by Plaintiff as "Finnamore."

[4] Misspelled by Plaintiff as "NaKeisha."

[5] On September 6, 2019, the Pressley Ridge Defendants filed a motion for an extension of time to file a response to the Complaint. (D.I. 22) The motion will be granted. Their motion to dismiss is considered timely filed.

## I.  BACKGROUND

Plaintiff commenced this action against a host of individuals, agencies, and entities, alleging violations of her constitutional rights following entry of a September 24, 2018, ex parte emergency custody order in the Delaware Family Court that resulted in the removal of Plaintiff's three minor children from her custody.[6]  (*See* D.I. 1; D.I. 26, Ex. A)  Plaintiff alleges there "was no proof of immediate danger with the exception of false allegations knowingly made by Keith Taylor to receive an ex parte [order] and award DFS custody of [her] 3 children."  (D.I. 1 at 4)  The Complaint contains wholesale and similar allegations of violations of Plaintiff's constitutional rights by Defendants Smith, Taylor, Sewell, Rebecca Wheeler ("Wheeler"), Sarah Brunson ("Brunson"), Phillip Renzulli ("Renzulli"), Lattomus, and Finamore, such as:  engaging in egregious behavior to manipulate rulings and instructions to defraud the court; lying and perjury; fabricating evidence; slander/defamation; deceptive practices including trickery, duress, fabrication and/or false testimony or evidence, failing to disclose exculpatory evidence and documents; withholding material information; misrepresenting facts to the court; violating the Americans with Disabilities Act; lying in an attempt to criminalize a civil matter; lying and intimidation in retaliation for Plaintiff exercising her right to due process; unlawful and wrongful removal of the children and placing them in state custody through false imprisonment based on fabrications; investigating a false abuse allegation; violations of the Fourth Amendment; helping to incriminate Plaintiff; failing to properly represent Plaintiff; misleading representation; and financial loss.  (*Id.* at 8-13)

---

[6] The Court takes judicial notice of the orders and other documents filed in the Family Court of the State of Delaware.  *See Division of Family Service/Department of Services for Children, Youth and Their Families v. Dawson*, CN18-05559 (Del. Family Ct.).

The body of the Complaint does not refer to Porter Center, DFS, Pennsylvania Office of Children and Youth ("Office of Children & Youth") or Pressley Ridge.

Plaintiff seeks compensatory damages. (*Id.* at 14) She also wants "these people criminally charged for all of these criminal acts along with the malicious prosecution." (*Id.*)

The Court takes judicial notice of the following facts gleaned from the Family Court Case. On September 24, 2018, Plaintiff went to the Porter Center seeking housing assistance, but was deemed ineligible because she was already receiving benefits from the Commonwealth of Pennsylvania. (D.I. 26, Ex. B) Plaintiff left the Porter Center before a DFS case worker could arrive. (*Id.*) DFS contacted Plaintiff by telephone, and Plaintiff informed DFS that she was driving to Pennsylvania to have her benefits transferred to Delaware. (*Id.*) While driving to Pennsylvania to close her services, Plaintiff's vehicle became inoperable on I-95, and DFS contacted the police. (*Id.*) DFS transported Plaintiff and her three children to the DFS office in New Castle, Delaware. (*Id.*) There, DFS determined that Plaintiff was homeless and took steps to obtain an emergency ex parte custody order. (*Id.*) On the evening of September 24, 2018, the Delaware Family Court entered an order for the immediate removal of the children from Plaintiff and an award of emergency temporary custody to DFS. (*Id.* at Ex. A)

On September 25, 2018, Taylor, then employed as a DFS caseworker, filed a Dependency/Neglect Petition for Custody against Plaintiff. (*Id.* at Ex. B) The petition sought placement of the minor children into a foster home. (*Id.*) The minor children were placed in a foster home pending evaluations. (*Id.*)

On July 22, 2019, Plaintiff filed the Complaint that initiated this action. On August 19, 2019, Plaintiff filed a motion to amend the complaint to add as defendants Jennie Conrad ("Conrad") of Children's Choice ("Children's Choice"); Merle Clearfield ("Clearfield"), a psychologist at JPA Center for Integrative Health; Children's Choice; and the Office of Pennsylvania State Representative Jared Soloman ("Office of Soloman"). (D.I. 11) The proposed amended complaint's allegations against Conrad, Clearfield, and Office of Soloman are similar to those made in the original complaint. There are no allegations in the proposed amended complaint directed towards Children's Choice.

State Defendants and Pressley Ridge Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 24; D.I. 36)

## II.    LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable

to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

### A. Claims Made on Behalf of Plaintiff's Children

While not clear, it appears that Plaintiff attempts to raise claims (*i.e.*, false imprisonment) on behalf of her children. As a non-attorney, Plaintiff may not act as an attorney for other individuals and may only represent herself in this court. *See* 28

U.S.C. § 1654; *see also Osei-Afriye v. The Medical Coll. of Pennsylvania,* 937 F.2d 876

(3d Cir. 1991) (non-lawyer appearing *pro se* may not act as attorney for his children).

**B.**     **Immunity**

All moving Defendants seek dismissal on the grounds that they are immune from

suit.

**1.**     **Claims Against DFS and Porter Center**

State Defendants seek dismissal of Porter Center and DFS as barred by the

Eleventh Amendment. "Absent a state's consent, the Eleventh Amendment bars a civil

rights suit in federal court that names the state as a defendant." *Laskaris v.*

*Thornburgh,* 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh,* 438 U.S. 781

(1978)). The Eleventh Amendment protects states and their agencies and departments

from suit in federal court regardless of the kind of relief sought. *Pennhurst State School*

*& Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).

This Court has previously determined that claims against the Delaware

Department of Services for Children, Youths and Their Families are barred by the

State's Eleventh Amendment immunity. *See Watson v. Department of Services for*

*Children, Youths and Their Families,* 2012 WL 1134512, at *3 (D. Del. Mar. 30, 2012).

In addition, the Porter Center (more properly called the Winder Laird Porter State

Service Center) falls under the umbrella of the Delaware Health and Social Services, a

state agency, that also has immunity from suit under the Eleventh Amendment. *See*

*Jones v. Delaware Health,* 2017 WL 6403014, at *4 (M.D. Pa. Aug. 9, 2017); *see also*

https://dhss.delaware.gov/dhss/main/maps/dsscmap/porter.htm (last visited Dec. 6,

2019).

Delaware has not waived its immunity from suit in federal court. Although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because neither DFS nor Porter Center are persons for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008). Therefore, the Court will grant State Defendants' motion to dismiss the claims against DFS and Porter Center.

### 2. Claims against Smith, Taylor, Lattomus, and Sewell

Defendants move for dismissal of the claims against Smith, Taylor, Lattomus, and Sewell as barred by absolute and qualified immunity.

Plaintiff identifies Smith and Taylor as DFS caseworkers. To the extent that Smith and Taylor acted in their official capacities as employees of the State of Delaware, they are immune from Plaintiff's claims for the same reasons that apply to the DFS. *See Rodriguez v. Stevenson*, 243 F. Supp. 2d 58, 63 (D. Del. 2002) (holding that state immunity extends to DFS and its officials acting in official capacities). The claims against Smith and Taylor in their personal capacities are subject to dismissal because they are entitled to quasi-judicial immunity (*i.e.*, absolute immunity) for their actions. *See Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001) ("[C]hild welfare workers are entitled to absolute immunity for their actions on behalf of the state in preparing for, initiating, and prosecuting dependency proceedings, and . . . this immunity [is] broad enough to include the formulation and presentation of recommendations to the court in the course of the proceedings."); *see also Burrell v. Loungo*, 750 F. App'x 149, 156 (3d

7

Cir. 2018), *reh'g denied* (Dec. 19, 2018), *cert. denied*, __U.S.__, 139 S. Ct. 2640 (2019). Moreover, even assuming the actions undertaken by Smith and Taylor are subject only to qualified immunity, they are immune from suit given that Plaintiff has not stated a plausible claim that either Defendant acted unreasonably, with malice, or without probable cause. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known); *see also Studli v. Children & Youth And Families Cent. Reg'l Office*, 346 F. App'x 804, 810 (3d Cir. 2009) (caseworkers cannot be liable for conduct that was ordered by a trial court and approvingly reviewed by an appellate court absent anything like fraud, unreasonableness or bad faith); *Doe v. Hennepin*, 858 F.2d 1325 (8th Cir. 1988) (absent showing of "malice or improper motives," county welfare agency officials entitled to qualified immunity from damages claims arising out of the removal of plaintiffs' children from their home for 16 days due to suspected child abuse).

Therefore, the Court will grant the motion to dismiss the claims against Smith and Taylor based upon their immunity from suit.

Plaintiff does not identify Lattomus' role. However, State Defendants indicate that the Family Court ordered the appointment of a child attorney on behalf of Plaintiff's minor children and Lattomus was appointed as the guardian ad litem. (*See* D.I. 26, Ex. B ["This matter is referred to the Office of the Child Advocate for appointment of a Child Attorney on behalf of the minor child(ren)".]) A guardian ad litem is absolutely immune from § 1983 liability when acting as an "integral part[ ] of the judicial process." *Gardner*

8

by *Gardner v. Parson*, 874 F.2d 131, 146 (3d Cir. 1989) (quoting *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983)); *see also Rieco v. Hebe*, 633 F. App'x 567, 569 (3d Cir. 2015). This immunity extends to "exercising functions such as testifying in court, prosecuting custody or neglect petitions, and making reports and recommendations to the court." *Id.* at 146. Therefore, the Court will grant the motion to dismiss the claims against Lattomus.

Finally, Plaintiff does not identify Sewell's role, other than to identify her as a Pressley Ridge employee. In her motion to dismiss, Sewell indicates that she was a court-appointment custody evaluator for the Family Court. As an evaluator, Sewell is absolutely immune from suit for damages under the doctrine of quasi-judicial immunity. Individuals charged with the duty of carrying out facially valid court orders enjoy quasi-judicial absolute immunity from liability for damages in a suit challenging conduct prescribed by that order. *See Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 772–73 (3d Cir. 2000). This immunity extends to evaluative functions when the evaluation is done to assist the court in its decision-making process. *See Williams v. Consovoy*, 453 F.3d 173, 178–79 (3d Cir. 2006) (licensed psychologist who evaluated inmate for state parole board and presented his findings is absolutely immunized from suit for damages). No plausible facts are alleged to show that the actions taken by evaluator Sewell were not an integral part of the judicial process. Therefore, the Court will grant the motion to dismiss the claims against her.

### 3. Prosecutorial Immunity

State Defendants move to dismiss the claims against Finamore on the grounds of prosecutorial immunity as the claims against her are entirely based upon her conduct

as a prosecutor. Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). A prosecutor enjoys absolute immunity from liability for actions taken in connection with judicial proceedings. *Odd*, 538 F.3d at 208 (citations omitted), *aff'd sub. nom.*, *Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011). This generally means activities conducted in court, such as presenting evidence or legal arguments. *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutorial activities outside the courtroom receive the same protection only if they are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler*, 424 U.S. at 430).

The allegations, vague though they are, are all directed to Finamore's alleged conduct in court and all fit squarely within her duties as a Deputy Attorney General. In addition, to the extent Plaintiff alleges her children were falsely imprisoned, as discussed above, she may not raise claims on behalf of her children. Thus, Finamore is immune from suit, and State Defendant's motion to dismiss the claims against her will be granted.

### 4. Libel/Slander Absolute Privilege

To the extent Plaintiff alleges she was defamed or slandered by Defendants, Delaware adheres to the common law rule of "absolute privilege" that "protects from actions for defamation statements of judges, parties, witnesses and attorneys offered in the course of judicial proceedings so long as the party claiming the privilege shows that the statements issued as part of a judicial proceeding and were relevant to the matter at issue in the case." *Barker v. Huang*, 610 A.2d 1341, 1345 (Del. 1992).

"The privilege is not narrowly confined to intra-courtroom events, but extends to all communications appurtenant thereto such as conversations between witnesses and counsel, the drafting of pleadings, and the taking of depositions or affidavits ex parte." *Nix v. Sawyer*, 466 A.2d 407, 410 (Del. Super. 1983) (internal quotation marks and citation omitted).  Plaintiff seems to imply that the very act of instituting the ex parte proceeding defamed her and that statements made during the proceeding defamed her. Any statements made therein would have been made in the course of judicial or quasi-judicial proceedings.

Finally, as stated by the Delaware Supreme Court, "[t]he absolute privilege would be meaningless if a simple recasting of the cause of action from 'defamation' to 'intentional infliction of emotional distress' or 'invasion of privacy' could void its effect . . . . To the extent that such statements were made in the course of judicial proceedings, they are privileged, regardless of the tort theory by which the plaintiff seeks to impose liability." *Barker*, 610 A.2d at 1349; *see also AGC Networks, Inc. v. Relevante, Inc.*, 2015 WL 1517419 (D. Del. Mar. 31, 2015) (dismissing tortious interference claim based upon "Preservation Letters" sent to third parties); *McLaughlin v. Copeland*, 455 F. Supp. 749, 752 (D. Del. 1978) (statements made by attorney entitled to absolute privilege with respect to a claim for libel and the same privilege attached with respect to a claim for malicious interference with business).  These claims therefore will be dismissed.

### 5.     False Testimony/Witness Immunity

Plaintiff alleges the foregoing Defendants provided false statements during the court proceedings.  However, to the extent the Defendants were acting as advocates of the state court, such claims are also barred by quasi-judicial immunity.  *Cf. Yarris v.*

*County of Delaware*, 465 F.3d 129, 139 (3d Cir. 2006) (prosecutor alleged to have solicited false testimony absolutely immune to extent the conduct occurred while acting as an advocate rather than an investigator).

In addition, to the extent Plaintiff seeks to hold liable any defendant who testified in the Family Court proceedings, these Defendants are immune from suit. Witnesses are immune from § 1983 liability where the claim is based on allegations of perjury, either at trial or during pretrial proceedings. *See Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) ("[A] trial witness has absolute immunity [from suit under § 1983] with respect to any claim based on the witness' testimony."); *McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992) (witness immunity applies to testimony given at pretrial hearings as well as to trial testimony); *Benckini v. Upper Saucon Twp.*, 2008 WL 2050825, at *11 (E.D. Pa. May 13, 2008) (absolute immunity afforded to witnesses, including police officers, charged under § 1983 for alleged perjurious testimony at pretrial proceedings).

These claims will be dismissed.

## C.    State Actor

The Complaint alleges that Renzulli failed to properly represent Plaintiff during the Family Court proceedings. Renzulli has been served, but has not appeared.

As previously noted, *see supra* n.1, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. at 48 (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*,

474 U.S. 327, 330-31 (1986)).  To act under "color of state law" a defendant must be "clothed with the authority of state law."  *West*, 487 U.S. at 49.

Renzulli is an attorney who resented Plaintiff in the Family Court proceedings. There are no allegations that he is a state actor or that he was "clothed with the authority of state law" as required to state a § 1983 claim.  *See Reichley v. Pennsylvania Dep't of Agric.,* 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004).

A court has the inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases," including the authority to control who may appear before the court.[7] *Chambers v. Nasco*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).  Here, Plaintiff has no viable claim against Renzulli.  Therefore, the Court exercises is discretion and dismisses the action against him.

---

[7] Every Court has the inherent authority to manage the cases on its docket "with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).  In addition, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases".  *Dietz v. Bouldin*, __ U.S.__, 136 S.Ct. 1885, 1892 (2016).  Finally, the Court has broad discretion in deciding whether to dismiss an action with prejudice pursuant to its inherent authority to manage its docket.  *See Lee v. Krieg*, 227 F. App'x 146, 148 (3d Cir.  2007) ("We reiterate that the court has broad discretion in deciding whether to dismiss an action with prejudice under Rule 41(b) or pursuant to its inherent authority to manage its docket.").

### D. Vicarious Liability

Pressley Ridge moves for dismissal on the grounds that the Complaint fails to state a claim against it. While not clear, it seems that Pressley Ridge is named as a defendant based upon it status as Sewell's employer.

In the § 1983 context, the United States Supreme Court requires a "'showing of direct responsibility' by the named defendant and to eschew any 'theory of liability' in which defendants played 'no affirmative part in depriving any[one] . . . of any constitutional rights,' — including theories of vicarious or respondeat superior liability." *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) (internal citations omitted). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "Each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 677. There are no allegations in the Complaint directed towards Pressley Ridge indicating personal liability, vicarious liability, or respondeat superior liability.

Moreover, it is far from clear that Pressley Ridge is a state actor as is required to state a claim under § 1983. Pressley Ridge is a non-profit organization founded in 1832 that provides an array of service to keep children and families together. *See* https://www.pressleyridge.org/uploads/8/7/2/7/87276038/focus-on-children_brochure1.pdf (last visited Dec. 9, 2019). Finally, dismissal is proper because Pressley Ridge is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

14

Dismissal is appropriate and, therefore, the Court will grant the motion to dismiss the claims against Pressley Ridge.

### E. Office of Children & Youth

Also named as a defendant is the Office of Children & Youth in Norristown, Pennsylvania. It has been served, but has not appeared. There are no allegations directed toward this Defendant.

To the extent Plaintiff attempts to raise a § 1983 claim, she has failed to state a claim for relief against Office of Children & Youth. Plaintiff cannot state a § 1983 claim against Office of Children & Youth because "it is not a separate legal entity [from the county] that is independently subject to suit." *K.S.S. v. Montgomery Cty. Bd. of Comm'rs*, 871 F. Supp. 2d 389, 395 (E.D. Pa. 2012); *see also Serafin v. Montgomery Cty.*, 2019 WL 2448657, at *4 (E.D. Pa. June 10, 2019). In addition, even had Plaintiff named Montgomery County as a defendant, her claims for municipal liability fail. To state a § 1983 claim against a municipality, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Department of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Here, there are no allegations of a policy or custom of Montgomery County or Office of Children & Youth that led to the alleged violation of Plaintiff's constitutional rights. The absence of such allegations is fatal to her claim. *See B.S. v. Somerset Cty.*, 704 F.3d 250, 274 (3d Cir. 2013) ("With respect to municipalities such as the County, [the] inquiry turns on whether the due process violation was a result of the County's 'policy or

custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'").

The Court exercises its inherent authority and discretion and dismisses the claims against Office of Children & Youth.

### F.    Criminal Charges

To the extent that Plaintiff seeks to impose criminal liability upon Defendants she lacks standing to do so. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). The Court exercises its inherent authority and discretion and strikes this portion of the prayer for relief.

### G.    Pleading Defects

The Complaint is deficiently pled. It contains wholesale allegations without adequate facts directed against many Defendants and contains no allegations against other Defendants. In addition as discussed above, most Defendants will be dismissed as immune from suit or because they are not state actors as is required to state a claim under § 1983. To the extent Plaintiff alleges conspiracy, the conclusory allegations, even when liberally construed, fail to state a claim. Finally the Court's experience and common sense lead it to recognize that the Complaint does not state facially plausible claims for relief.

### H. *Rooker Feldman/Younger* Abstention

To the extent Plaintiff invites the Court to review and reject the Family Court rulings, the *Rooker-Feldman* doctrine prohibits such relief. *See Johnson v. City of New York*, 347 F. App'x 850 (3d Cir. 2009) (refusing to adjudicate claims seeking review of family court decisions regarding emergency removal of children from the home on the basis of *Rooker-Feldman*). Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Moreover, it is unclear if there are ongoing state court custody proceedings. To the extent there are ongoing state court proceedings, the Court must abstain under the *Younger* abstention doctrine. Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). Abstention is appropriate when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the Younger exceptions. *Huffman v. Pursue Ltd.,* 420 U.S. 592, 608 (1975). At this juncture, the Court cannot discern whether abstention is appropriate.

## IV. SERVICE

The Complaint was filed on July 22, 2019. To date, Wheeler (who appears to be immune from suit by reason of her status as a Pennsylvania case worker) and Brunson

(who does not appear to be a state actor) have not been served. Plaintiff, who

proceeds *pro se* and has paid the filing fee, will be ordered to show cause why these

two defendants should not be dismissed for failure to serve process within 90 days of

filing the complaint, pursuant to Fed. R. Civ. P. 4(m).

## V.    MISCELLANEOUS MOTIONS

### A.    Motion to Amend

Plaintiff moves to amend to add four defendants: Conrad of Children's Choice,

Clearfield of JPA & Associates, Children's Choice, and Office of Soloman.  (D.I. 11)

Pursuant to Fed. R. Civ. P. 15(a)(2), courts "should freely give leave [to amend]

when justice so requires."  However, "undue delay, bad faith, dilatory motive, prejudice,

[or] futility" could all "justify a denial of leave to amend."  *Shane v. Fauver*, 213 F.3d 113,

115 (3d Cir. 2000).  "'Futility' means that the complaint, as amended, would fail to state

a claim upon which relief could be granted" under the standard of Federal Rule of Civil

Procedure 12(b)(6).  *Lejon-Twin El v. Marino*, 722 F. App'x 262, 265 (3d Cir. 2018)

(quoting *Shane*, 213 F.3d at 115).  In evaluating whether a plaintiff has stated a claim

upon which relief could be granted, the court accepts "all factual allegations as true,

construes the complaint in the light most favorable to the plaintiff, and determines

whether, under any reasonable reading of the complaint, the plaintiff may be entitled to

relief."  *Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 344 (3d Cir. 2015) (internal

quotation mark omitted).

The motion will be denied due to futility of amendment.  Conrad, Children's

Choice, and Clearfield are not State actors.  Conrad is a family interventionist at

Children's Choice and Children's Choice is a Christian social service agency which provides specialized community-based services. *See* https://www.childrenschoice .org/what-we-do (last visited Dec. 9, 2019). Clearfield is a psychologist at JPA Center for Integrative Health in Jenkintown, Pennsylvania. In addition, Children's Choice and the Office of Soloman are not persons as required to state a claim under § 1983.

Accordingly, Plaintiff's motion for leave to amend will be denied. (D.I. 11)

### B. Motions for Default Judgment and Motion for Summary Judgment

Plaintiff seeks default judgment against Sewell and Pressley Ridge. (D.I. 18, 30) Entry of default judgment is a two-step process. *See* Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the clerk of the court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Both Defendants sought an extension of time to answer or otherwise plead. (*See* D.I. 22) As previously indicated, *see supra* n.4, the motion will be granted. In addition, default judgment is premature given that there has been no entry of default. Therefore, Plaintiff's requests for default judgment will be denied.

On October 15, 2019, Plaintiff filed a motion for summary judgment as to Sewell and Pressley Ridge. (D.I. 28) The motion is premature. A scheduling and discovery has not been entered and discovery has not yet commenced. Therefore, the motion will be denied.

## VI.    CONCLUSION

Based upon the above discussion, the Court will:  (1) deny Plaintiff's motion to amend as futile (D.I. 11); (2) deny Plaintiff's motions for default judgment (D.I. 18, 30); (3) grant Pressley Ridge Defendants' motion for an extension of time to file response/ reply to the Complaint (D.I. 22); (4) grant State Defendants' motion to dismiss (D.I. 24); (5) deny as premature Plaintiff's motion for summary judgment (D.I. 28); (6) grant Pressley Ridge Defendants' motion to dismiss (D.I. 36); (7) dismiss all claims against Defendants Renzulli and Office of Children & Youth; (8) dismiss the libel/slander, false testimony, and conspiracy claims and that portion of the prayer for relief that seeks criminal charges against Defendants; and (9) order Plaintiff to show cause why Defendants Wheeler and Brunson should not be dismissed for failure to timely serve pursuant to Fed. R. Civ. P. 4.

An appropriate order will be entered.