IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEONZA DAWSON, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 19-1355-CFC |
| REBECCA WHEELER, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

**I.  INTRODUCTION**

Plaintiff Neonza Dawson ("Plaintiff") alleges violations of her rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. She proceeds *pro se*, paid the filing fee, then sought and was granted leave to proceed *in forma pauperis*. (D.I. 42; D.I. 43)  On January 3, 2020, the Court granted motions to dismiss filed by Defendants Angelina Smith, Keith Taylor, Porter Service Center, Tara Lattomus, Islanda Finamore, the Delaware Division of Family Services, Pressley Ridge and Nykeisha Sewell; dismissed Defendants Phillip F. Renzulli and Pennsylvania Office of Children and Youth and all claims raised against them; dismissed all libel/slander, false testimony, and conspiracy claims and that portion of the prayer for relief that seeks criminal charges; and ordered Plaintiff to show cause why Defendants Rebecca Wheeler and Sarah Brunson should not be dismissed for Plaintiff's failure to serve process upon them within 90 days of filing the Complaint pursuant to Fed. R. Civ. P.

1

4(m). (D.I. 40; D.I. 41) Plaintiff was given until January 31, 2020 to respond to the show cause order.

On January 31, 2020, Plaintiff filed "response" to dismissal of her claim. (D.I. 46) The Court considers the filing as a motion for reconsideration.

## II. DISCUSSION

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of

reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

In her filing, Plaintiff reargues her position. The Court has reviewed the pleadings and motions in the case and concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's January 3, 2020 memorandum opinion and order.

In addition, Plaintiff's filing does not mention, nor provide any reason, why Plaintiff has not properly served the two remaining defendants - Defendants Rebecca Wheeler and Sarah Brunson. The Court, therefore, finds Plaintiff has failed to show cause why Wheeler and Brunson should not be dismissed for failure to serve process pursuant to the Federal Rules of Civil Procedure. The only claims that remained were raised against Wheeler and Brunson. In light of their dismissal, the Clerk of Court will be directed to close the case.

### III. CONCLUSION

For the above reasons, the Court: (1) will deny the motion for reconsideration (D.I. 46); and (2) finds Plaintiff has failed to show cause why Rebecca Wheeler and Sarah Brunson should not be dismissed as they were not timely and/or properly served.

An appropriate order will be entered.

                                              UNITED STATES DISTRICT JUDGE

February 13, 2020
Wilmington, Delaware